## STRICKLAND TRANSP. CO. v. FIRST STATE BANK OF MEMPHIS.

### No. 5841.

Court of Civil Appeals of Texas. Amarillo.

Jan. 12, 1948.

Rehearing Denied Feb. 7, 1948.

Rawlings, Sayers & Scurlock, of Fort Worth, for appellant.

Hamilton & Deaver, of Memphis, for appellee.

PITTS, Chief Justice.

Appellant, Strickland Transportation Company, a corporation, filed suit against appellee, First State Bank, a corporation, of Memphis, alleging the conversion of six checks by appellee, causing loss and damage to appellant in the total sum of $1304.73. The case was tried to the court without a jury and judgment was rendered to the effect that appellant take nothing by reason of its suit, from which judgment an appeal was perfected to this Court.

The record reveals that appellant was a common carrier operating motor vehicles over certain highways hauling freight and had a commission agent whose name was John W. Akard stationed at Memphis, Texas. Akard had authority to pick up freight to be transported by appellant, to deliver freight transported by it and to accept checks of the customers made payable to appellant for freight charges. Akard received from the White Auto Store at Memphis, owned by Carl D. Lee, a customer of appellant, six checks in the total sum of $1304.73, each made payable to appellant for freight charges and each drawn on ap-

pellee. The checks were endorsed and presented by Akard to appellee for payment and they were each cashed and the money paid to Akard by appellee and the sums represented by the checks were charged against the account of the drawer, White Auto Store, which account had sufficient funds on deposit to pay the checks. The checks were then cancelled and returned by appellee to the maker. The checks revealed the following information:

It is our opinion that the issues here presented are conclusively settled against the contentions of appellant by the Commission of Appeals in a very similar factual case styled, Fort Worth National Bank v. Fidelity & Deposit Company of Maryland reported first in 48 S.W.2d 694, an opinion by the Fort Worth Court of Civil Appeals and reversed and rendered by the Supreme Court reported finally in Tex.Com.App., 65 S.W.2d 276, which case has since been often

| Date | Amount | Payee | Endorser |
|------|--------|-------|----------|
| 12–4–1945 | $ 27.08 | Strickland Transportation | Stricklin Motor frate argeis John W. Akard |
| 12–17–1945 | $386.11 | Strickland Transportation | John W. Akard Stricklain frate Agan |
| 1–14–1946 | $ 32.24 | Strickland Transportation Co. | John W. Akard Agent |
| 1–17–1946 | $ 64.81 | Strickland Transportation Co. | John Akard Agent |
| 1–19–1946 | $754.26 | Strickland Transportation Co. | John Akard Agent |
| 1–23–1946 | $ 40.23 | Strickland Transportation | John Akard Agent |

Appellant did not receive the money paid by appellee on the checks to Akard. After failing to receive the said money, appellant made an investigation through its auditor and learned what had occurred and further learned that John W. Akard had left Memphis. The said auditor obtained for appellant the cancelled checks from White Auto Store and appellant likewise obtained from Carl D. Lee, owner of White Auto Store, an assignment of any cause of action it may have against the bank, appellee, by reason of the transactions above referred to.

Appellant pleaded lack of authority of Akard to endorse the checks, conversion of the checks by the bank, appellee, negligence by appellee by reason of the transactions, that appellant had an assignment from the drawer of the checks and that it was therefore entitled to recover from appellee as damages the amount of $1304.73 the total sum of the checks. It predicates its appeal upon three points of error charging that the trial court erred in failing and refusing to sustain its theory of the case and in failing and refusing to award it a judgment for recovery. Appellee denied liability and resists the points of error presented by appellant.

cited and the rules there stated consistently followed by the Texas courts.

In that case there were two classes of checks, one class drawn on the Fort Worth National Bank, the defendant in the case, and the other class drawn on other banks with the checks presented to the Fort Worth National Bank, defendant, for collection in due course. All of the checks were presented to the Fort Worth National Bank, defendant, for collection. The Fort Worth Court of Civil Appeals applied the same rule to both classes of checks in disposing of the case and held that the bank was not liable on any of the checks. The Commission of Appeals in an opinion approved by the Supreme Court made a distinction between the two classes of checks but sustained the Court of Civil Appeals in its disposition made of the checks drawn against defendant, Fort Worth Bank, and held that neither the payee nor its assignee could maintain an action against the bank on the checks drawn on the said bank and that the bank was not liable to assignee for the money paid by it to the employee of the payee on that class of checks drawn on the defendant bank. In that case the employee of payee did not endorse the checks per-

sonally but he endorsed them purportedly as a representative of the payee. In the instant case the checks reveal that Akard did not endorse the checks personally but he endorsed each of them purportedly as a representative of the payee. In both cases it was shown that the employee of payee did not have authority to endorse the checks for the payee. In the case above cited the claim had been assigned and the assignee had filed the suit against the Fort Worth Bank alleging conversion. The Commission of Appeals discussed various provisions of the Texas Negotiable Instruments Act and held that payee's assignee could not recover from drawee bank the amount of the checks drawn on the defendant bank and cashed by the bank on the endorsement of payee's employee whether the endorsement was made without authority or forged by the employee. The court said in connection with such holding that "In fact, we think the statutes above quoted admit of no other conclusion." The court then applied different rules in disposing of the facts and issues raised concerning the other class of checks but the facts and issues there raised are not similar to the facts and issues here raised and we are not here concerned with the further rules laid down in the case pertaining to the checks not drawn on defendant bank.

Since appellee is not liable for conversion as a result of its acts knowingly and willfully done, it cannot be held liable as a result of negligence in performing the same acts.

It clearly appears from the record that White Auto Store, the drawer of the checks, sustained no damage by reason of appellee's actions. Since it sustained no damage, it had no rights for damages of cause of action to assign to appellant or to anyone else and the trial court properly denied recovery for appellant under its assignment.

After a careful examination of the record and appellant's points of error we find no reversible errors. Appellant's assignments of error are overruled and the judgment of the trial court is affimed.